# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RUDOLF SANCHEZ; SYLVIA SANCHEZ,<br><br>  Plaintiffs,<br><br>  v.<br><br>SERVIS ONE, INC., dba BSI FINANCIAL SERVICES; RESIDENTIAL CREDIT SOLUTIONS, INC.; NATIONSTAR MORTGAGE LLC; HOMEWARD RESIDENTIAL; AURORA BANK, FSB; EQUIFAX INFORMATION SERVICES LLC; and TRANS UNION LLC,<br><br>  Defendants. | CASE NO. 18cv0586 JM(JMA)<br>CASE NO. 18cv0587 JM(JMA)<br><br>ORDER GRANTING MOTION TO CONSOLIDATE |

Pursuant to Fed.R.Civ.P. 42(a), Defendant Residential Credit Solutions, Inc. ("RCS") moves to consolidate the separately filed consumer class action complaints filed individually by Plaintiff Rudolf Sanchez in 18cv0586 JM(JMA) and Plaintiff Sylvia Sanchez in 18cv0587 JM(JMA). Plaintiffs Rudolf Sanchez and Sylvia Sanchez oppose the motion. Defendants Servis One, Inc., dba BSI Financial Services ("BSI"); Nationstar Mortgage LLC ("Nationstar"); Homeward Residential ("Homeward"); Aurora Bank, FSB ("Aurora"); Equifax Information Services LLC ("Equifax"); and Trans Union LLC ("TransUnion") have not responded to the motion. Pursuant to Local Rule 7.1(d)(1), the court finds the matters presented appropriate for resolution without

oral argument. For the reasons set forth below, the court grants the motion to consolidate, instructs the Clerk of Court to file a copy of this order in both above identified cases, and instructs the parties to file all future filings in the low number action, 18cv0586 JM(JMA).

**BACKGROUND**

On March 20, 2018, Plaintiffs commenced these actions by alleging three claims for relief: (1) violation of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §1681, et seq.; (2) violation of the California Consumer Credit Reporting Agencies Act ("CCRAA"), Cal. Civ. Code §1785.1, et seq.; and (3) violation of the automatic bankruptcy stay provision, 11 U.S.C. §362(a). The FCRA claim is alleged against all Defendants except RCS; the CCRAA claim is alleged against all Defendants; and the violation of the automatic stay claim is alleged against RCS and BSI. Defendant Nationstar is not a named Defendant in 18cv0587. All other Defendants are the same in both actions.

In the main, Plaintiffs' complaints set forth over one hundred generalized allegations, including general policy arguments and statements of law related to their statutory claims.[1] Defendants BSI, RCS, Nationstar, Homeward, and Aurora (collectively, the "Furnisher-Defendants") are alleged furnishers of information for purposes of the FCRA. (Compl. ¶27, all references are to the Court Docket in 18cv0856). Defendants Equifax and TransUnion (collectively, the "Credit Bureaus") are alleged consumer reporting agencies for purposes of the FCRA. Plaintiffs' claims arise from the following allegations.

On August 28, 2012, Plaintiffs filed for a Chapter 13 bankruptcy in the Southern District of California and, on March 13, 2013, the bankruptcy court approved their repayment plan. (¶¶94, 105). On December 17, 2012, Plaintiffs filed a Motion to

---

[1] Fed.R.Civ.P. 8(a) requires a "short and plain statement of the claim showing that the pleader is entitled to relief." The court notes that Plaintiffs' profuse pleading style is not consistent with Rule 8(a).

Value Real Property, Treat Claim as Unsecured and Avoid Junior Lien ("Motion to Value") regarding a junior lien held by RCS. (Compl. ¶120). On October 12, 2018, Plaintiffs' bankruptcy successfully discharged.

Plaintiffs allege that Furnisher-Defendants "caused to be reported inaccurate information after the Bankruptcy was filed on Plaintiff's credit reports." (Compl. ¶129). Such conduct allegedly violated bankruptcy court orders, constituted an illegal collection activity, and constituted a materially misleading statement for purposes of the FCRA and CCRAA. (Compl. ¶130). Furnisher-Defendants also are alleged to have reported inaccurate derogatory information based upon pre-bankruptcy contract terms no longer enforceable after discharge. (Compl. ¶131). The Credit Bureaus, BSI, Nationstar, Homeward, and Aurora are also alleged to have reported, or caused to be reported, inaccurate information in Plaintiffs' credit reports (primarily by reporting on alleged debts extinguished in bankruptcy, or otherwise rendered unenforceable). (Compl. ¶¶194-341).

**DISCUSSION**

Rule 42(a) of the Federal Rules of Civil Procedure provides: "If actions before the court involve a common question of law or fact, the court may: (1) join for hearing or trial any or all matters at issue in the actions; (2) consolidate the actions; or (3) issue any other orders to avoid unnecessary cost or delay." The primary purpose of the rule is to promote trial court efficiency and avoid the danger of inconsistent adjudications. See E.E.O.C. v. HBE Corp., 135 F.3d 543, 551 (8th Cir. 1998). While considerations of judicial economy and convenience play an important role in deciding whether to consolidate two actions for trial, the paramount concern is whether the parties are afforded a fair and impartial trial.

As a threshold issue, the court notes that the term "consolidation" for purposes of Rule 42(a) has several different meanings. Wright Miller; Federal Practice and Procedure: Civil 2d §2382. The majority of courts hold that consolidation does not merge the separate lawsuits into a single consolidated action. Schwarzer, Tashima

Wagstaffe, Federal Civil Procedure Before Trial, §16.140 (2008). In this district two different procedures apply to related actions. First, the low number rule of L.R. 40.1 generally provides for the coordinated treatment of actions that arise from substantially identical transactions, involve the same parties or property, or call for resolution of the same or substantially identical issues of law and fact. L.R. 40.1(b). Here, the Sylvia Sanchez action (18cv0857) has been low numbered to the Rudolf Sanchez action (18cv0856). As a consequence, coordinated discovery and case management procedures have already been implemented for these cases.

The second procedure provides for consolidation of two actions, as if they were the same case. Where two related actions present the same factual and legal issues, consolidation provides that the two cases proceed under a single case number. Here, the legal claims are identical, the same underlying transaction or occurrence underlies both complaints, and the evidence to support or negate Plaintiffs' claims applies equally to all claims. Further, no management concerns are identified by the parties, even though Nationwide is a Defendant only in 18cv0856 and each Plaintiff possesses an individual credit report. Moreover, Plaintiffs do not identify any prejudice should the cases be consolidated as one. Accordingly, the court finds that consolidation of the two actions will bring additional efficiencies.

In sum, the court grants the motion to consolidate, and instructs the parties and the Clerk of Court to file all future filings in the low number action, 18cv856 JM(JMA).

**IT IS SO ORDERED.**

DATED: May 23, 2018

Hon. Jeffrey T. Miller
United States District Judge

cc: All parties